UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MELISSA AGWATA,**

   Plaintiff,

v.                                                      No. **4:23-cv-00586-P**

**TARRANT COUNTY HOSPITAL DISTRICT,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Partial Motion to Dismiss. ECF No. 36. After a review of the Motion, docket, and case law, the Court determines that the Motion should be and is hereby **GRANTED in part** and **DENIED in part** for the reasons stated below.

## BACKGROUND

Melissa Agwata worked for the Tarant County Hospital District ("JPS Health Network") starting in November 2021. In January 2022, she began as a Patient Access Call Center Specialist. Agwata claims that she was repeatedly discriminated and retaliated against and subject to a hostile work environment. Agwata claims that her supervisor along with other members of the Call Center engaged in racially charged dialogue. After a series of events involving her supervisor and others at the Call Center, Agwata felt proper action was not being taken to remedy the discrimination and harassment she was experiencing, and she resigned her position in March 2022.

Agwata filed a charge of discrimination against Defendant under Charge Number 450-2022-05047 with the Equal Employment Opportunity Commission on May 27, 2022. On March 16, 2023, the EEOC issued a Notice of Right to Sue entitling Agwata to file an action under the Texas Labor Code and Title VII of the Civil Rights Act of 1964. On June 9, 2023, Agwata filed the present lawsuit alleging a myriad of

violations of Title VII of the Civil Rights Act of 1964, Texas Labor Code, among other state law tort claims. Failing to timely serve her original complaint on JPS, Agwata's lawsuit was dismissed by this Court on September 15, 2023. Upon learning that this dismissal functionally served as a dismissal with prejudice, the Court reopened the case and Plaintiff served her original complaint on JPS on November 2, 2023.

On November 13, 2023, JPS filed a Motion to Dismiss the claim to which Agwata responded by filing her First Amended Complaint on December 4, 2023. JPS move to dismiss this First Amended Complaint on December 18. On January 19, 2024, Agwata once again amended her complaint, which is currently the operative pleading in this case.

In her Second Amended Complaint, Agwata alleges Title VII race, color, and national origin discrimination and retaliation, a Texas Labor Code hostile work environment claim, Title VII hostile work environment claim, and a violation of 42 U.S.C. § 1983. On January 31, 2024, JPS filed a partial motion to dismiss the Second Amended Complaint. This motion is now ripe for the Court's review.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept legal conclusions couched as factual allegations as true. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to

move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

In JPS's Partial Motion to Dismiss, JPS moves to dismiss Agwata's claims of hostile work environment, Agwata's Section 1983 claim, and award JPS its fees for drafting and filing this Motion. *See* ECF No. 36 at 1. The Court addresses each of these below.

### A. Hostile Work Environment Claims

JPS moves to dismiss Agwata's hostile work environment claims on the grounds that they both are time barred. *See* ECF No. 36 at 5–7. A quick look at the procedural history in this case shows that JPS is correct and both of Agwata's hostile work environment claims are time barred. Agwata received her Notice of Right to File a Civil Action from the Texas Workforce Commission on February 28, 2023. *See* ECF No. 31 at 1. Under the Texas Labor Code, Agwata had sixty days from the receipt of her notice to file a civil action. *See* ECF No. 36-1 at 3. The day Agwata filed her lawsuit was June 9, 2023—101 dates after receipt of her Notice. *See* ECF No. 1. Agwata's Texas Labor Code hostile work environment claim is thus time barred and is **DISMISSED with prejudice.**

The same is true for Agwata's Title VII hostile work environment claim. This claim was not brough in any of Agwata's previous complaints before filing her Second Amended Complaint on January 19, 2024. *Compare* ECF No. 35 *with* ECF Nos. 1, 23. In order to bring a Title VII hostile work environment claim, Agwata must bring her claim "within ninety days of receipt of a right-to-sue letter from the EEOC." *Subbiah v. Kiel*, 850 F. Supp. 2d 653, 658 (N.D. Tex. 2011) (Boyle, J.). Agwata received her EEOC notice of rights on March 16, 2023. ECF No. 35 at 2. Since the January 2024 Second Amended Complaint is the first time that Agwata pleads a Title VII hostile work environment claim, Agwata

is well beyond the ninety-day limit to plead such a claim. Accordingly, Agwata's Title VII hostile work environment claim is similarly time-barred and is **DISMISSED with prejudice**.

It is also worth noting that Agwata seemingly abandons her two hostile work environment claims by wholly failing to respond to JPS's arguments in her response brief. *See generally* ECF No. 37.

### B. Section 1983 Claim

In order to succeed on her Section 1983 claim, Agwata must show three things. She must show "a policymaker; an official policy [or custom]; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Jenkins v. City of Dallas*, No. 3:22-CV-0960-B, 2022 WL 6225559, at *4–6 (N.D. Tex. Oct. 6, 2022) (Boyle, J.) (internal citations omitted). She fails to do so.

*First*, despite alleging that Dezaray Fragg, Theresa Morgan, Jordan Wade, "Junior", and "Harvey" were operating as final decision-making, authoritative figures at the Call Center, Agwata fails to plead to the standard laid out in Fifth Circuit case law. For claims such as this, "the unconstitutional conduct must be directly attributable to the [local government agency] through some sort of official action or imprimatur; isolated unconstitutional actions by [government] employees will almost never trigger liability." *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001). That is not the case here, Agwata must point to more than just the actions of JPS employees. *Rivera*, 349 F.3d at 247. She does not.

*Second*, Agwata has not sufficiently plead that there exists a promulgating policy or custom. *See* ECF No. 35 at 3–5. A policy or custom is defined as "a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by [JPS] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or a persistent, widespread practice of [JPS] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [JPS] policy." *Webster v. City of Hous.*, 735

4

F.2d 838, 841 (5th Cir. 1984) (en banc). While Agwata does point to specific acts of alleged discrimination and inappropriate workplace behavior, she does not point to any actual policy or customs, just isolated incidents. These types of isolated incidents are insufficient to satisfy the standards laid out for "policy or custom". *See Bennett v. City of Slidell,* 728 F.2d 762, 768 n.3 (5th Cir. 1984) (en banc).

*Third*, since Agwata has failed to show there was a policy or custom of inappropriate behavior here, she has de facto failed to show a violation of a constitutional right whose moving force is the policy or custom.

*Lastly*, Agwata seems to allude to a Section 1981 claim in her Second Amended Complaint. *See* ECF No. 35 at 1. However, as JPS correctly points out, JPS is considered a governmental entity, and thus Agwata cannot pursue a claim under Section 1981. *See Olushola v. Tarrant Cnty. Hosp. Dist.*, No. 4:22-CV-0704-P, 2023 WL 3151076, at *1-2 (N.D. Tex. Apr. 28, 2023) (Pitman, J.).

For all of these reasons, Agwata's Section 1983 claim (and any potential 1981 claims) are **DISMISSED with prejudice.**

### C. JPS's Fees

JPS moves for an award of attorneys' fees and costs incurred in preparing its Partial Motion to Dismiss. ECF No. 36 at 10. In support of this request, JPS asserts that Plaintiffs' counsel caused unnecessary expense by continuously asserting claims they believe were barred and forcing Defendants to reply to amended complaints that were obviously deficient. *See* ECF No. 38 at 4–5.

Under 28 U.S.C. § 1927, the Court may impose sanctions in the form of attorneys' fees and costs against "[a]ny attorney or other person ... who so multiplies the proceedings in any case unreasonably and vexatiously...." Proving that the behavior was both "vexatious" and "unreasonable" requires "evidence of bad faith, improper motive or reckless disregard of the duty owed to the Court." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) (citation omitted). The phrase "unreasonably and vexatiously" is described as "conduct that, when viewed under an objective standard, is harassing or annoying, or evinces the intentional or reckless pursuit of a claim, defense, or position

5

that is or should be known by a lawyer to be unwarranted in fact or law or is advanced for the primary purpose of obstructing the orderly process of the litigation." *In re W. Fid. Mktg., Inc.,* 2001 WL 34664165, at *22 (N.D. Tex. June 26, 2001) (McBryde, J.). The Fifth Circuit has held that "punishment under § 1927 is sparingly applied." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) (citations and quotation marks omitted). This is because sanctions under § 1927 are "punitive in nature and require clear and convincing evidence that sanctions are justified." *Id.* (citations and quotation marks omitted).

Judged against these standards, an award of attorneys' fees and costs is not warranted here. Although Agwata has had to amend her complaint multiple times and it is deficient in the ways discussed above, that alone does not mean that Agwata's claims were asserted in bad faith. Moreover, Agwata was not obligated to amend her complaint simply because JPS took issue with it. Although JPS's Motion to Dismiss should be granted, JPS's request for attorneys' fees and costs should be and is **DENIED**.

## CONCLUSION

For the reasons stated in this memorandum opinion, the Court **GRANTS** Defendant's Partial Motion to Dismiss (ECF No. 36) but **DENIES** Defendant's request for attorneys' fees and costs incurred in preparation of the Partial Motion to Dismiss.

**SO ORDERED** on this **3rd day of April 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE